**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

January 19, 2021

Robin L. Cohen, Esq.
John Briody, Esq.
Patrick Pijls, Esq.
McKool Smith, P.C.
One Manhattan West
395 9th Avenue, 50th Floor
New York, NY 10001
*Counsel for Plaintiffs*

Andrew L. Sandler, Esq.
Stephen LeBlanc, Esq.
Rebecca Guiterman, Esq.
Mitchell Sandler LLC
1120 20th Street, NW, Suite 725
Washington, D.C. 20036
*Counsel for Plaintiffs*

Eric Aronson, Esq.
Laura Besvinick, Esq.
Julie Nevins, Esq.
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038
*Counsel for Defendant Arch Insurance Co.*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

    Re:    **7th Inning Stretch LLC, et al. v. Arch Insurance Co., et al.**
            **Civil Action No. 20-8161 (SDW) (LDW)**

Counsel:

    Before this Court is Defendant Arch Insurance Company's ("Arch" or "Defendant") Motion to Dismiss Counts Two and Three of Plaintiffs 7th Inning Stretch LLC d/b/a Everett Aquasox ("Everett") and DeWine Seeds Silver Dollars Baseball, LLC's ("DeWine") (collectively, "Plaintiffs") First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure

("Rule") 12(b)(6).[1]  This Court having considered the parties' submissions, having reached its decision without oral argument pursuant to Rule 78, and for the reasons discussed below, grants Defendant's motion.

**DISCUSSION**

    A.  <u>Standard of Review</u>

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level[.]"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Phillips*, 515 F.3d at 231 (external citation omitted).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

    B.  <u>Plaintiffs Have Failed to State a Claim Upon Which Relief Can be Granted</u>

This Court writes only for the parties and assumes their familiarity with the procedural and factual history of this matter.  Plaintiffs are the owners of minor league baseball teams located in North Carolina and Washington.[2]  (D.E. 30 ¶¶ 9, 10.)  When the COVID-19 pandemic reached the United States in early 2020, governors across the country, including the governors of North Carolina and Washington, issued emergency orders ("Stay-at-Home Orders") to prevent the spread of the virus, which led to the cessation of the minor league baseball season and caused Plaintiffs to suffer "catastrophic financial loss."  (*Id.* ¶ 3.)[3]  As a result, Plaintiffs seek to recover under commercial property insurance policies issued by Defendant (the "Policies")[4] which provide coverage for: 1) "direct physical loss to covered property at a 'covered location' caused by a covered loss;" 2) lost earnings and expenses "during the 'restoration period' when [Plaintiffs'] 'business' is necessarily wholly or partially interrupted by direct physical loss of or damage to

---

[1] Count One is brought by Plaintiff Whitecaps Professional Baseball Corporation against Defendant Federal Insurance Company and is not at issue here.

[2] Everett owns the Everett Aquasox and DeWine owns the Asheville Tourists.  (D.E. 30 ¶¶ 9, 10.)

[3] Plaintiffs specifically allege that the season ended because of "continuing concerns for the health and safety of players, employees, and fans related to the SARS-COV-2 virus; action and inaction by federal and state governments related to controlling the spread of the virus; and Major League Baseball ("MLB") not supplying players to their affiliated minor league teams."  (D.E. 30 ¶ 2.)

[4] Everett was insured by Arch under Policy No. SSCMP0003102 for the period from 12/30/19 to 12/30/20.  (D.E. 30 ¶¶ 9, 53, Ex. A.)  DeWine's Policy No. CCCMP0001302 provided coverage from 4/1/19 to 4/1/20 and 4/1/20 to 4/1/21. (*Id.* 30 ¶¶ 10, 54, Ex. B.)

property at a 'covered location' . . . as a result of a covered peril;" and 3) "coverage for earnings and extra expense to include loss sustained while access to 'covered locations' or a 'dependent location' is specifically denied by an order of civil authority. This order must be a result of direct physical loss of or damage to property." (*Id.* ¶¶ 14-18, Ex. A at 30, 56, 57, Ex. B at 27, 53, 54.) The Policies exclude coverage for any "loss, cost or expense caused by, resulting from or relating to any virus, bacterium or other microorganism that causes disease, illness or any physical distress that is capable of causing disease, illness or physical distress." (D.E. 30 Ex. A at 13, Ex. B at 13.)

On July 2, 2020, Plaintiffs brought suit alleging anticipatory breach of contract and seeking declaratory judgment that the Policies provide coverage for Plaintiffs' business losses and expenses.[5] (*See generally* D.E. 30.) Defendant subsequently moved to dismiss, and all briefing was timely filed. (D.E. 40, 41, 48.)

Plaintiffs have failed to meet their burden to show that their claims fall "within the basic terms of the [Policies]." *See, e.g. Arthur Anderson LLP v. Fed. Ins. Co.*, 3 A.3d 1279, 1287 (N.J. Super. App. Div. 2010). The Policies unambiguously limit their coverage to physical loss or damage to Plaintiffs' commercial property. Each of the coverage provisions Plaintiffs rely on specifically requires "direct physical loss of or damage to property" to trigger coverage. (*See* D.E. 30 Ex. A at 30, 56, 57, Ex. B at 27, 53, 54.) Here, Plaintiffs have not alleged any facts that support a showing that their properties were physically damaged. Instead, Plaintiffs plead that the Stay-

---

[5] As a federal court sitting in diversity, this Court applies the choice-of-law rules of New Jersey to determine which state law controls. *See Klaxon Co. v. Stentor Elec. Mfg. Co., Inc.*, 313 U.S. 487, 496 (1941); *Maniscalco v. Brother Int'l (USA) Corp.*, 709 F.3d 202, 206 (3d Cir. 2013); *Shapiro v. Logitech, Inc.*, Civ. No. 17-673, 2019 WL 397989, at *6-7 (D.N.J. Jan. 31, 2019). "New Jersey has adopted the [two-part] 'most significant relationship' test set forth in the Restatement (Second) of Conflict of Laws." *Maniscalco*, 709 F.3d at 206 (internal citation omitted). The first step of the inquiry is to determine whether an actual conflict exists. *See P.V. ex rel. T.V. v. Camp Jaycee*, 962 A.2d 453, 459-60 (N.J. 2008). "If there is not an actual conflict, the inquiry is over and, because New Jersey would apply its own law in such a case, a federal court sitting in diversity must do the same." *Lebegern v. Forman*, 471 F.3d 424, 428 (3d Cir. 2006). There being no conflict between the applicable laws of New Jersey, North Carolina, and Washington as to the basic tenets of contract interpretation, this Court will apply New Jersey law in interpreting the terms of the Policies. (*See* D.E. 40-1 at 11-12 (acknowledging there is no conflict); D.E. 41 at 6 (conceding that the relevant state laws "are consistent with respect to basic principles of insurance-policy interpretation").)

As to Plaintiffs' regulatory estoppel argument, however, there is a conflict because New Jersey is the only state of the three that recognizes the defense. *See Morton Int'l, Inc. v. General Accident Ins. Co. of Am.*, 629 A.2d 831 (1993) (establishing regulatory estoppel in New Jersey); *Wysong & Miles Co. v. Emps. Of Wausau*, 4 F. Supp. 2d 421, 427 (M.D.N.C. 1998) (collecting cases and noting that "[m]ost courts have rejected claims for regulatory estoppel"); *SnyderGeneral Corp. v. General Am. Ins. Co.*, 928 F. Supp. 674, 682 (N.D. Tex. 1996) (collecting cases and noting that regulatory estoppel "has been rejected by virtually every other state and federal court to address the issue"). Therefore, this Court proceeds to step two of the conflicts analysis to determine "which jurisdiction has the 'most significant relationship' to the claim[s]." *Maniscalco*, 70 F.3d at 207 (internal citation omitted). This Court is guided by "the Second Restatement, which 'provides specific guidance for resolving particular types of cases.'" *Kearney v. Bayerische Motoren Werke Aktiengesellschaft*, Civ. No. 17-13544, 2018 WL 4144683, at *5 (D.N.J. Aug. 29, 2018) (citing *Camp Jaycee*, 962 A.2d at 458). In insurance disputes where the risk of loss is focused in one state, New Jersey courts rely on Restatement § 193, which provides that the applicable law is that of "the state which the parties understood was to be the principal location of the insured risk." *See also Gilbert Spruance Co. v. Pa. Mfrs. Ass'n Ins. Co.*, 629 A.2d 885, 891 (N.J. 1993). In this matter, the baseball teams and ballparks owned by Plaintiffs are located in North Carolina and Washington, and Plaintiffs' losses have occurred in those two states. Therefore, as to regulatory estoppel, this Court will apply the law of North Carolina and Washington to DeWine and Everett's claims, respectively.

3

At-Home Orders and resultant actions by the government and others forced the cessation of the minor league baseball season and caused Plaintiffs to lose income and incur expenses. This is not enough. *See, e.g. Mac Property Grp. LLC v. Selective Fire & Cas. Ins. Co.*, Dkt. No. L-02629, Slip Op. at *15-17 (N.J. Super. Ct. Nov. 5, 2020). In addition, the Policies clearly and explicitly exclude coverage for damage, loss or expense arising from a virus. (D.E. 30 Ex. A at 13, Ex. B at 13.)[6] Because the Stay-at-Home Orders were issued to mitigate the spread of the highly contagious novel coronavirus, Plaintiffs' losses are tied inextricably to that virus and are not covered by the Policies. *See, e.g. Mac Property*, Slip Op. at *15-16 (dismissing claims for coverage where policy contained a virus exclusion provision); *N&S Rest., LLC v. Cumberland Mutual Fire Ins. Co.*, Civ. No. 20-5289, 2020 WL 6501722, at *3-4 (D.N.J. Nov. 5, 2020). Although this Court is sympathetic to the very real losses businesses have suffered during this pandemic, it cannot grant Plaintiffs the relief they seek.[7]

## **CONCLUSION**

Defendant's Motion to Dismiss Counts Two and Three of the First Amended Complaint is **GRANTED with prejudice**. An appropriate order follows.

                                          /s/ Susan D. Wigenton
                                      **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
      Leda D. Wettre, U.S.M.J.

---

[6] Plaintiffs' argument that the virus exclusion is invalid is unavailing. Specifically, Plaintiffs assert that regulatory estoppel prevents enforcement of the exclusion because Defendant (and others) obtained the exclusion "through misrepresentation to regulators" in 2006. (D.E. 41 at 21-24; D.E. 30 ¶¶ 74-98.) Regulatory estoppel, however, "is a New Jersey state law defense" which has not been adopted by either North Carolina or Washington. *Chattanooga Professional Baseball LLC v. Nat'l Cas. Co.*, Civ. No. 20-1312, 2020 WL 6699480, at *3 (D. Ariz. Nov. 13, 2020) (rejecting plaintiff's regulatory estoppel argument where courts in relevant states had refused to adopt the doctrine). Therefore, Plaintiffs may not rely on regulatory estoppel to challenge the validity of the Policies' virus exclusion provision.

[7] This Court is not alone in this finding, as numerous other federal courts have reached the same conclusion in suits involving similar policy terms. *See, e.g. ATCM Optical, Inc. v. Twin City Fire Ins. Co.*, Civ. No. 20-4238, 2021 WL 131282, at *4-8 (E.D. Pa. Jan. 14, 2021): *Part Two LLC v. Owners Ins. Co.*, Civ. No. 20-1047, 2021 WL 135319, at *3-4 (N.D. Ala. Jan. 14, 2021); *The Riverwalk Seafood Grill, Inc. v. Travelers Cas. Ins. Co. of Am.*, Civ. No. 20-3768, 2021 WL 81659, at *3-4 (N.D. Ill. Jan. 7, 2021); *Boulevard Carroll Entm't Grp., Inc. v. Fireman's Fund Ins. Co.*, Civ. No. 11771, 2020 WL 7338081, at *2 (D.N.J. Dec. 14, 2020); *Chattanooga*, 2020 WL 6699480 at *3; *N&S Rest.*, 2020 WL 6501722, at 2-4 (D.N.J. Nov. 5, 2020); *Hillcrest Optical, Inc. v. Cont'l Cas. Co.*, Civ. No. 20-275, 2020 WL 6163142, at *9 (S.D. Ala. Oct. 21, 2020); *Henry's Louisiana Grill, Inc. v. Allied Ins. Co. of Am.*, Civ. No. 20-2939, 2020 WL 5938755, at *5 (N.D. Ga. Oct. 6, 2020); *Infinity Exhibits, Inc. v. Certain Underwriters at Lloyd's London*, Civ. No. 20-1605-T-30AEP, Slip Op. at *10 (M.D. Fl. Sept. 28, 2020); *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, Civ. No. 20-3213, 2020 WL 5525171, at *5 (N.D. Cal. Sept. 14, 2020); *Pappy's Barber Shops, Inc. v. Farmers Group, Inc.*, Civ. No. 20-907, 2020 WL 5500221, at *6 (S.D. Cal. Sept. 11, 2020); *Turek Enter., Inc. v. State Farm Mut. Auto. Ins.*, Civ. No. 20-11655, 2020 WL 5258484, at *8 (E.D. Mich. Sept. 3, 2020); *10E, LLC v. Travelers Indem. Co. of Conn.*, Civ. No. 20-4418, 2020 WL 5095587, at *4 (C.D. Cal. Aug. 28, 2020); *Malaube, LLC v. Greenwich Ins. Co.*, Civ. No. 20-22615, 2020 WL 5051581, at *8 (S.D. Fla. Aug. 26, 2020); *Diesel Barbershop v. State Farm Lloyds*, Civ. No. 20-461, 2020 WL 4724305, at *5 (W.D. Tex. Aug. 13, 2020).