<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

March 26, 2021

Robin L. Cohen, Esq.
Orrie A. Levy, Esq.
Cohen Ziffer Frenchman & McKenna LLP
1350 Avenue of the Americas, 25th Floor
New York, NY 10019
*Counsel for Plaintiffs*

Andrew L. Sandler, Esq.
Stephen LeBlanc, Esq.
Rebecca Guiterman, Esq.
Mitchell Sandler LLC
1120 20th Street, NW, Suite 725
Washington, D.C. 20036
*Counsel for Plaintiffs*

Daren S. McNally, Esq.
Barbara M. Almeida, Esq.
Meghan C. Goodwin, Esq.
Nicholas S. Pradaxay, Esq.
Clyde & Co US LLP
200 Campus Drive, Suite 300
Florham Park, NJ 07932
*Counsel for Defendant Federal Insurance Co.*

<u>**LETTER OPINION FILED WITH THE CLERK OF THE COURT**</u>

 Re: **7th Inning Stretch LLC, et al. v. Arch Insurance Co., et al.**
   **Civil Action No. 20-8161 (SDW) (LDW)**

Counsel:

  Before this Court is Defendant Federal Insurance Company's ("Federal" or "Defendant") Motion for Judgment on the Pleadings as to Counts One and Three[1] of Plaintiff Whitecaps

---

[1] Count Three is a request for declaratory judgment which does not assert a legal claim, but rather seeks a particular form of relief.

Professional Baseball Corporation WPBC's ("Whitecaps" or "Plaintiff") First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure ("Rule") 12(c).[2] This Court having considered the parties' submissions, having reached its decision without oral argument pursuant to Rule 78, and for the reasons discussed below, grants Defendant's motion.

**DISCUSSION**

    A. <u>Standard of Review</u>

When examining a motion for judgment on the pleadings under Rule 12(c), the court examines the pleadings in the same manner as it would a Rule 12(b)(6) motion to dismiss.[3] *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008). The court must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Id*. Judgment may only be granted if "the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Id*. The court may rely only on the pleadings and documents integral to or relied on by the complaint. *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 256 n. 5 (3d Cir. 2004).

    B. <u>Defendant is Entitled to Judgment as a Matter of Law</u>

This Court writes only for the parties and assumes their familiarity with the procedural and factual history of this matter. Plaintiff is the owner of a minor league baseball team located in Michigan. (D.E. 30 ¶ 11.) When the COVID-19 pandemic reached the United States in early 2020, governors across the country, including the governor of Michigan, issued emergency orders ("Stay-at-Home Orders") to prevent the spread of the virus, which led to the cessation of the minor league baseball season and caused Plaintiff to suffer "catastrophic financial loss." (*Id.* ¶ 3.)[4] As a result, Plaintiff seeks to recover under a commercial property insurance policy issued by Defendant

---

[2] Counts Two and Three, brought by Plaintiffs 7th Inning Stretch LLC d/b/a Everett AquaSox and DeWine Seeds Silver Dollars Baseball, LLC against Defendant Arch Insurance Company, are not at issue here. This Court granted Defendant Arch's motion to dismiss those claims on January 19, 2021. (D.E. 54, 55.)

[3] An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief"). In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] Plaintiff specifically alleges that the season ended because of "continuing concerns for the health and safety of players, employees, and fans related to the SARS-COV-2 virus; action and inaction by federal and state governments related to controlling the spread of the virus; and Major League Baseball ("MLB") not supplying players to . . . affiliated minor league teams." (D.E. 30 ¶ 2.)

(the "Policy")[5] which provides coverage for: 1) "direct physical loss or damage to: building or personal property, caused by or resulting from a peril not otherwise excluded;" 2) lost earnings and expenses incurred "due to the actual impairment of . . . operations . . . during the period of restoration" provided that impairment is "caused by or result[s] from direct physical loss or damage by a covered peril to a property;" and 3) lost earnings and expenses incurred by "the prohibition of access to . . . premises . . . or a dependent business premises, by a civil authority" where that prohibition of access is "the direct result of direct physical loss or damage to property away from such premises or such dependent business premises by a covered peril." (*Id.* ¶¶ 64-69, Ex. D Form 80-02-1000 at 3, 80-02-1004 at 3-6.)

On July 2, 2020, Plaintiff brought suit for breach of contract alleging that Defendant failed to provide coverage for Plaintiff's business losses and expenses as required by the Policy.[6] (*See generally* D.E. 30.) Defendant subsequently moved for judgment on the pleadings, and all briefing was timely filed. (D.E. 64, 65, 66.)

Plaintiff has failed to meet its burden to show that its claim falls "within the basic terms of the [Policy]." *See, e.g. Arthur Anderson LLP v. Fed. Ins. Co.*, 3 A.3d 1279, 1287 (N.J. Super. Ct. App. Div. 2010). The Policy unambiguously limits its coverage to physical loss or damage to Plaintiff's commercial property. Each of the coverage provisions Plaintiff relies on specifically requires "direct physical loss of or damage to property" to trigger coverage. (*See* D.E. 30 Ex. D Form 80-02-1000 at 3, 80-02-1004 at 3-6.) Here, Plaintiff has not alleged any facts that support a showing that its property was physically damaged. Instead, Plaintiff pleads that the Stay-At-Home Orders and resultant actions by the government and others forced the cessation of the minor league baseball season and caused Plaintiff to lose income and incur expenses. This is not enough. *See, e.g. Mac Prop. Grp. LLC v. Selective Fire & Cas. Ins. Co.*, No. L-02629, slip op. at *5-7 (N.J. Super. Ct. Nov. 5, 2020). Plaintiff's general statements that it was "statistically certain" that the COVID-19 virus was "present" on its property "for some period of time since their closures," (D.E. 30 ¶¶ 23, 24 31-32), is also insufficient. Even if true, the presence of a virus that harms humans but does not physically alter structures does not constitute coverable property loss or damage. *See,*

---

[5] Plaintiff was insured by Federal under Policy No. 3579-42-58 EUC for the period from March 1, 2020 through March 1, 2021. (D.E. 30 ¶¶ 11, 13, 64-69, Ex. D.)

[6] As a federal court sitting in diversity, this Court applies the choice-of-law rules of New Jersey to determine which state law controls. *See Klaxon Co. v. Stentor Elec. Mfg. Co., Inc.*, 313 U.S. 487, 496 (1941); *Maniscalco v. Brother Int'l (USA) Corp.*, 709 F.3d 202, 206 (3d Cir. 2013); *Shapiro v. Logitech, Inc.*, Civ. No. 17-673, 2019 WL 397989, at *6-7 (D.N.J. Jan. 31, 2019). "New Jersey has adopted the [two-part] 'most significant relationship' test set forth in the Restatement (Second) of Conflict of Laws." *Maniscalco*, 709 F.3d at 206 (internal citation omitted). The first step of the inquiry is to determine whether an actual conflict exists. *See P.V. ex rel. T.V. v. Camp Jaycee*, 962 A.2d 453, 459-60 (N.J. 2008). "If there is not an actual conflict, the inquiry is over and, because New Jersey would apply its own law in such a case, a federal court sitting in diversity must do the same." *Lebegern v. Forman*, 471 F.3d 424, 428 (3d Cir. 2006). There being no conflict between the applicable laws of New Jersey and Michigan as to the basic tenets of contract interpretation, this Court will apply New Jersey law in interpreting the terms of the Policies. *See CoFund II LLC v. Hitachi Cap. Am. Corp.*, Civ. No. 16-1790, 2019 WL 6167952, at *3 n.1 (D.N.J. Nov. 20, 2019) (recognizing for a breach of contract claim that "Michigan law is similar in material respects to New Jersey law and the Court would reach the same conclusion under either forum's rules"); D.E. 64-1 at 8 (noting "there does not seem to be a 'substantive difference' between the laws of the two states on this issue).

3

*e.g.*, *Handel v. Allstate Ins. Co.*, Civ. No. 20-3198, 2020 WL 645893, at *3 (E.D. Pa. Nov. 6, 2020) (relying on *Port Auth. of New York & New Jersey v. Affiliated FM Ins. Co.*, 311 F.3d 226, 235 (3d Cir. 2002) (noting that physical loss or damage requires "that the functionality of the property 'was nearly eliminated or destroyed' or the 'property was made useless or uninhabitable'"); *Turek Enter., Inc. v. State Farm Mut. Auto. Ins. Co.*, 484 F. Supp. 3d 492, 502 (E.D. Mich. 2020) (holding that "direct physical loss" is unambiguous and requires a showing of "tangible damage" to property); *Terry Black's Barbeque, LLC v. State Auto. Mut. Ins. Co.*, Civ. No. 20-665, 2020 WL 7351246, at *7 (W.D. Tex. Dec. 14, 2020) (determining that the presence of COVID-19 alone does not constitute physical loss or damage to property "because the virus can be eliminated" and "does not threaten the structures covered by property insurance policies"); *Pappy's Barber Shops, Inc. v. Farmers Grp., Inc.*, Civ. No. 20-907, 2020 WL 5847570, at *1 (S.D. Cal. Oct. 1, 2020) (holding that "the presence of the virus itself, or of individuals infected [with] the virus, at Plaintiffs' business premises or elsewhere do not constitute direct physical losses of or damage to property").[7] Although this Court is sympathetic to the very real losses businesses have suffered during this pandemic, it cannot grant Plaintiff the relief it seeks.[8]

**CONCLUSION**

Defendant's Motion for Judgment on the Pleadings is **GRANTED with prejudice**. An appropriate order follows.

                                                                         /s/ Susan D. Wigenton     
                                                 **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk

---

[7] Nor is this Court persuaded by Plaintiff's suggestion that the absence of a virus exception in the Policy warrants a ruling in its favor. (D.E. 65 at 2.) Because Plaintiff cannot show coverage under the express terms of the Policy, the supposed failure of Defendant to include an optional exclusion in the Policy terms has no bearing on this Court's decision.

[8] This Court is not alone in this finding, as numerous other federal courts have reached the same conclusion in suits involving similar policy terms. *See, e.g. Café Plaza de Mesilla, Inc. v. Cont'l Cas. Co.*, Civ No. 20-354, 2021 WL 601880, at *5-6 (D.N.M. Feb. 16, 2021); *ATCM Optical, Inc. v. Twin City Fire Ins. Co.*, Civ. No. 20-4238, 2021 WL 131282, at *4-8 (E.D. Pa. Jan. 14, 2021); *Part Two LLC v. Owners Ins. Co.*, Civ. No. 20-1047, 2021 WL 135319, at *3-4 (N.D. Ala. Jan. 14, 2021); *Riverwalk Seafood Grill, Inc. v. Travelers Cas. Ins. Co. of Am.*, Civ. No. 20-3768, 2021 WL 81659, at *3-4 (N.D. Ill. Jan. 7, 2021); *Boulevard Carroll Entm't Grp., Inc. v. Fireman's Fund Ins. Co.*, Civ. No. 11771, 2020 WL 7338081, at *2 (D.N.J. Dec. 14, 2020); *Chattanooga Prof'l Baseball Inc. v. Baseball LLC*, Civ. No. 20-01312, 2020 WL 6699480, *3 (D. Ariz. Nov. 13, 2020); *N&S Rest v. LLC v. Cumberland Mut. Fire Ins. Co.*, Civ. No. 20-05289., 2020 WL 6501722, at *2-4 (D.N.J. Nov. 5, 2020); *Hillcrest Optical, Inc. v. Cont'l Cas. Co.*, Civ. No. 20-275, 2020 WL 6163142, at *9 (S.D. Ala. Oct. 21, 2020); *Henry's La. Grill, Inc. v. Allied Ins. Co. of Am.*, Civ. No. 20-2939, 2020 WL 5938755, at *5-6 (N.D. Ga. Oct. 6, 2020); *Infinity Exhibits, Inc. v. Certain Underwriters at Lloyd's London*, Civ. No. 20-1605-T-30AEP, slip op. at *5 (M.D. Fl. Sept. 28, 2020); *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, Civ. No. 20-3213, 2020 WL 5525171, at *5 (N.D. Cal. Sept. 14, 2020); *Pappy's Barber Shops, Inc. v. Farmers Grp., Inc.*, Civ. No. 20-907, 2020 WL 5500221, at *6 (S.D. Cal. Sept. 11, 2020); *Turek Enters., Inc. v. State Farm Mut. Auto. Ins.*, 484 F. Supp. 3d 492, 502 (E.D. Mich. 2020); *10E, LLC v. Travelers Indem. Co. of Conn.*, 483 F. Supp. 3d 828, 836 (C.D. Cal. 2020); *Malaube, LLC v. Greenwich Ins. Co.*, Civ. No. 20-22615, 2020 WL 5051581, at *8 (S.D. Fla. Aug. 26, 2020); *Diesel Barbershop v. State Farm Lloyds*, 479 F. Supp. 3d 353, 360 (W.D. Tex. 2020).

4

cc: Parties
    Leda D. Wettre, U.S.M.J.